[Docket No. 58]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SUPERNUS PHARMACEUTICALS, INC., | |
| Plaintiff, | Civil No. 13-cv-4740 (RMB/JS) |
| v. | **MEMORANDUM ORDER** |
| ACTAVIS, INC., et al., | |
| Defendants. | |

This matter comes before the Court upon the appeal of an Order by Magistrate Judge Joel Schneider [Docket No. 57], which addressed a dispute between the parties in the above-captioned matter regarding the terms of the appropriate Discovery Confidentiality Order ("DCO"). In his Order, Judge Schneider set forth what must be included in the DCO, which is to be prepared by the parties. In their moving papers [Docket No. 58], the Defendants contend that Judge Schneider erred in his Order by:

1) ordering that the DCO shall permit access by one in-house technical advisor and one in-house attorney; and

2) failing to require that the DCO contain a provision effecting a patent prosecution bar.

This Court has appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil

1

Procedure 72(a), and Rule 72.1(c) of the Local Rules of the United States District Court for the District of New Jersey.  Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review: (1) a "clearly erroneous or contrary to law" standard for non-dispositive matters, and (2) a de novo standard for dispositive matters.  Nat'l Labor Relations Board v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992). Rulings on discovery, like the one at issue in the present appeal, are considered non-dispositive matters subject to the clearly erroneous standard of review.  Jackson v. Chubb Corp., 45 Fed. Appx. 163, 166 n.7 (3d Cir. 2002).

A ruling is clearly erroneous when, "although there is evidence to support it, the reviewing Court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  As the party filing the appeal, the Defendants have the burden of demonstrating that Judge Schneider's decision was clearly erroneous or contrary to law.  Montana v. County of Cape May Bd. of Freeholders, 2013 U.S. Dist. LEXIS 151660, at *3 (D.N.J. Oct. 18, 2013).

First, with respect to Judge Schneider's ruling that the DCO shall permit access to one in-house technical advisor, the Court finds that such a ruling is not contrary to law.   Indeed both parties

have cited cases where access to a non-lawyer, in-house employee was permitted.  See e.g., Defs.' Br. at p. 11 citing Sun v. Novartis, Civil No. 13-3542; Pl.s' Br. at p. 7 Standard Space Platforms Corp. v. United States, 35 Fed. Cl. 505, 509 (1996).

That being said, for the reasons set forth in the record, many of the arguments presented by Defendants with respect to this issue, specifically with respect to the identification of Dr. Vieira as a technical advisor, will not be addressed by this Court as they are not yet ripe.  As the parties represented at oral argument, the proposed DCO contemplates that each party reserves the right to object to disclosure to a particular individual.  These objections are properly brought in the first instance before Judge Schneider so that the risks of inadvertent disclosure or competitive use by such individual may be addressed by him.

With respect to Judge Schneider's ruling that the record prevented him from ordering a prosecution bar at that time, this Court finds that the appeal is premature.  As Judge Schneider held, the decision in In re Deutsche Bank Trust Company Americas, 605 F. 3d 1373 (Fed. Cir. 2010), requires that "each case should be decided based on the specific facts involved therein."  Id. at 1379.  Contrary to the Defendants' argument, In re Deutsche Bank does not require that a prosecution bar must be entered in every patent case.  See id. at 1381 ("We therefore hold that a party seeking imposition

of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information.").

This Court does not read Judge Schneider's Order to be that no such prosecution bar will be entered here, but, rather, that on the basis of the bare record before it, the Court could not yet order such a bar, and he invited the parties to make further submissions. Rather than making such submissions before Judge Schneider, Defendants appear to do so before this Court.  See e.g., Pl.'s Br. at 14 (raising the potential for post-issuance review of the patents in suit - e.g., reexamination or *inter partes* review); February 18, 2014 Hearing Transcript at 33:16-34:21 & 42:17-20 (discussing similar potential issues)).  This is not the proper forum.  As such, the parties must present their arguments properly before Judge Schneider.  Once the record is closed and Judge Schneider has ruled on those arguments, this matter would then be ripe for appeal.  If the parties have no further evidence to present to Judge Schneider on this issue, that must be made clear to him.

ACCORDINGLY, IT IS on this, the **20th** day of **February 2014**, hereby

**ORDERED** that Defendants' Appeal [Docket No. 58] is **DENIED**.

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            UNITED STATES DISTRICT JUDGE