[Doc. No. 139]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| SUPERNUS PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 13-4740(RMB/JS) |
| ACTAVIS, INC. ET AL., | : | |
| Defendants. | : | |

_____ :

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "Motion to Seal Certain Materials Pursuant to L. Civ. R. 5.3" [Doc. No. 139] filed by Supernus Pharmaceuticals, Inc. ("Supernus"). Defendants (collectively, "Actavis") have submitted a supplemental memorandum in support of Supernus's motion [Doc. No. 148] and seek to seal additional materials. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, Supernus's motion is DENIED without prejudice.

It is well established that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal it must demonstrate that "good cause" exists for protection of the material at issue.

Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). The applicable requirements to seal documents are set forth in L. Civ. R. 5.3(c), which requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

As a preliminary matter, Supernus notes that the subject materials of this motion were designated as "confidential" pursuant to the parties' Discovery Confidentiality Order. See Discovery Confidentiality Order [Doc. No. 76]. However, it is well-settled that merely because a document is designated "confidential" pursuant to a Discovery Confidentiality Order does not necessarily mean that the document satisfies the criteria for sealing pursuant to Local Civil Rule 5.3. See Pansy, 23 F.3d at 786-90; MEI, Inc. v. JCM Am. Corp, C.A. No. 09-351 (RBK/JS), 2010 WL 4810649, at *2 (D.N.J. Nov. 1, 2010). For the following reasons,

the Court concludes that Supernus has not met its burden under L. Civ. R. 5.3 and the applicable case law.

The nature of the materials at issue include Exhibits 1, 2, 3, 4, 6, 10, 12, 13, 15, 16 and 17 to Supernus's August 29, 2014 letter [Doc. No. 140]. Exhibit 1 is defendants' responses to plaintiff's First Set of Requests for Admission (Nos. 1-22). Exhibit 2 is defendants' responses to plaintiff's Second Set of Requests for Admission (Nos. 23-46). Exhibit 3 is plaintiff's First Set of Requests for Admission (Nos. 1-22). Exhibit 4 is plaintiff's First Set of Requests for Admission (Nos. 23-46). Exhibit 6 is plaintiff's First Set of Production Requests (Nos. 1-126). Exhibit 10 is an August 25, 2014 letter from defendants' counsel regarding pending discovery disputes. Exhibit 12 is plaintiff's Second Set of Production Requests (Nos. 127-129). Exhibit 13 is defendants' responses to plaintiff's Second Set of Production Requests (Nos. 127-129). Exhibit 15 is an August 27, 2014 letter from defendants' counsel regarding pending discovery disputes. Exhibit 16 is a May 19, 2014 letter from plaintiff's counsel regarding pending discovery disputes. Exhibit 17 is an August 26, 2014 letter from plaintiff's counsel regarding pending discovery disputes.

Actavis supports Supernus's motion and additionally seeks to seal Exhibits 1-11 of Supernus's September 5, 2014 letter [Doc. No. 142]. Exhibit 1 is plaintiff's disclosure of infringement contentions. Exhibit 2 is plaintiff's disclosure of infringement

3

contentions for U.S. Patent No. 8,617,600. Exhibit 3 is a discovery order in Medtronic Inc. et al. v. W.L. Gore & Asssociates, Inc. et al. Exhibit 4 is an August 29, 2014 letter from defendants' counsel regarding pending discovery disputes. Exhibit 5 is defendants' non-infringement contentions. Exhibit 6 is defendants' non-infringement contentions. Exhibit 7 is a June 25, 2013 letter from the director of regulatory affairs of Watson Laboratories, Inc. – Florida. Exhibit 8 is a February 19, 2014 letter from the director of regulatory affairs of Watson Laboratories, Inc. – Florida. Exhibit 9 is a May 19, 2014 letter from plaintiff's counsel regarding pending discovery disputes. Exhibit 10 is plaintiff's objections and responses to defendants' First Set of Requests for Production of Documents and Things (Nos. 1-63). Exhibit 11 is an August 7, 2014 letter from plaintiff's counsel regarding pending discovery disputes. The Court considers the requests of plaintiff and defendants together.

Supernus argues the materials at issue "contain the parties' trade secret and other confidential research, development, commercial, and technical information." Pl.'s Br. at 2. Supernus contends if the request to seal is not granted, "the disclosure of the parties' trade secret and other confidential research, development, commercial, and technical information would provide the public insight into the business and operations of the parties, their processes in considering, researching, and developing its

4

proprietary technology, and would give competitors an unfair advantage." Id. Actavis argues that if the materials are not sealed "competitors and others will have access to Actavis' important confidential technical and business information that ordinarily would not be available to the public, let alone to its competitors in this highly competitive industry." Defs.' Br. at 3.

Actavis additionally argues there is a "public interest" in maintaining the confidentiality of the materials at issue. Cert. of Counsel at 2. Actavis states, for example, that "Actavis could suffer harm in the form of loss of business relationships and from the use of its confidential information by Actavis competitors." Id. Based on these arguments, the Court finds that Supernus and Actavis have not articulated a legitimate private or public interest and a clearly defined injury if the materials are disclosed. Neither Supernus nor Actavis have submitted competent evidence to support their burden. Instead, the parties rely on broad and conclusory statements (i.e. "the Confidential materials contain the parties' trade secret and other confidential research, development, commercial, and technical information.") supported only by the supplemental certification of counsel. Counsel's certification provides no facts to support the parties' arguments and merely sets forth broad boilerplate assertions. For example, in support of counsel's argument that the 11 exhibits attached to the September 5, 2014 letter (comprised of over 100 pages) contain

5

confidential information, counsel avers that, "the Confidential Information refers to, and relates to Actavis' confidential formulation and manufacturing methods, as well as its confidential business and marketing strategy regarding the development of pharmaceutical products, trade secrets, and other confidential research development, and technical information." Counsel Cert. ¶ 3. This sentence is the only description in the three-page certification of the allegedly confidential nature of the materials at issue.

Counsel's general and conclusory statement is antithetical to the strict requirements in L. Civ. R. 5.3(c)(2)(c). "The claimed injury must be specifically stated because broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause standard." Locascio v. Balicki, C.A. No. 07-4834 (RBK), 2011 WL 2490832, at *6 (D.N.J. June 22, 2011) (citation and quotation omitted); Opperman v. Allstate New Jersey Ins. Co., C.A. No. 07-1887 (RMB/JS), 2009 WL 3818063, at *10 (D.N.J. Nov. 13, 2009) (denying motion to seal and stating "Allstate has not overcome the strong public interest in transparent judicial proceedings by its mere generalized assertions (even if made by affidavit) that the materials are confidential and proprietary"); O'Brien v. BioBancUSA, C.A. No. 09-2289 (RBK/KMW), 2010 WL 2923283, at *4 (D.N.J. July 19, 2010) (despite the fact that the document at issue was covered by a

confidentiality agreement, request to seal denied where plaintiff merely provided a general cursory summary of the harms that would result from disclosure).

Counsel's certification is also deficient because it does not comply with L. Civ. R. 7.2(a) which requires that affidavits, declarations and certifications "shall be restricted to statements of fact within the personal knowledge of the signatory." Counsel's certification does not attest to the fact that she has personal knowledge of the facts establishing the allegedly confidential nature of the materials at issue or the harm that would result if the materials are not sealed. Therefore, the certification is deficient and will be disregarded. See Fowler v. Borough of Westville, 97 F.Supp. 2d 602, 607 (D.N.J. 2000) (finding submissions in affidavits not based on personal knowledge will not be considered); Brennan v. Elizabeth Bd. of Ed., C.A. No. 07-329, 2008 U.S. Dist. LEXIS 21609, at *8-9 (D.N.J. March 19, 2008) (finding affidavit containing information beyond the attorney's personal knowledge should be stricken). The provisions of L. Civ. R. 7.2 are not merely applicable to affidavits but also apply to declarations and certifications. Penn v. Wal-MartStores, Inc., 116 F.Supp. 2d 557, 560-61 n.3 (D.N.J. 2000) ("This [r]ule applies to certifications as well."); Cannon v. Cherry Hill Toyota, 190 F.R.D. 147, 154 (D.N.J. 1999); Assisted Living Assoc. v. Moorestown Twp., 996 F.Supp. 409, 442 (D.N.J. 1998).

Supernus additionally asserts that its request is the least restrictive alternative because the materials are "limited in scope." Pl.'s Br. at 2. Actavis also contends there is no less restrictive alterative than to seal all of the exhibits. Defs.' Br. at 3. The Court disagrees. The parties in total seek to seal 22 exhibits in full. After reviewing the subject materials, the Court finds that not all of the materials at issue contain sensitive and confidential information. Instead, the appropriate course of action is for Supernus and/or Actavis to seek to redact the portions of the material that actually reference confidential or proprietary information. See Connor v. Sedgwick Claims Mgmt. Servs., Inc., 796 F.Supp. 2d 568, 592 (D.N.J. 2011) (denying motion to seal pursuant to L. Civ. R. 5.3(c) where defendant could have filed redacted documents).

Accordingly, for the foregoing reasons,

IT IS hereby ORDERED this 18th day of November, 2014, that Supernus's "Motion to Seal Certain Materials Pursuant to L. Civ. R. 5.3" [Doc. No. 139] is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of the Court is directed to maintain under seal Exhibits 1, 2, 3, 4, 6, 10, 12, 13, 15, 16 and 17 to Supernus's August 29, 2014 letter [Doc. No. 140] and Exhibits 1-11 of Supernus's September 5, 2014 letter [Doc. No. 142] until December 2, 2014. If Supernus and/or Actavis does not refile a

motion to seal by this date, these materials will be unsealed. The re-filed motion shall specifically identify only those portions of the documents at issue that genuinely should be redacted/sealed and provide sufficient support for sealing.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge